**L.M. HEYWARD, Plaintiff–Appellant,**

v.

**Reginald WILKINSON, et al.,
Defendants–Appellees.**

**No. 02–3065.**

United States Court of Appeals,
Sixth Circuit.

Feb. 7, 2003.

Before SILER, DAUGHTREY, and
COLE, Circuit Judges.

*ORDER*

L.M. Heyward, a pro se Ohio state prisoner, appeals a district court judgment granting summary judgment in favor of the defendants and dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, a declaratory judgment, and injunctive relief, Heyward sued the Director of the Ohio Department of Rehabilitation and Correction, the Warden of the Ohio State Penitentiary, and a number of prison employees, alleging seven separate causes of action. After dismissing a number of claims and defendants, the district court granted summary judgment in favor of the remaining defendants. Heyward appeals.

This court reviews a district court's grant of summary judgment de novo. *Jackson v. Leighton,* 168 F.3d 903, 909 (6th Cir.1999). Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). The facts and inferences drawn therefrom are to be viewed in the light most favorable to plaintiff. *See Jackson,* 168 F.3d at 909. Ultimately, this court must decide whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *See Terry Barr Sales Agency, Inc. v. All–Lock Co.,* 96 F.3d 174, 178 (6th Cir.1996) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The moving party is entitled to judgment as a matter of law where, after adequate time for discovery, the nonmoving party fails to establish the existence of an element essential to its case and on which that party would bear the burden at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Upon review, we conclude that the defendants were entitled to summary judgment as a matter of law for the reasons set forth in the district court's memorandum of opinion and order of December 17, 2001. Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.